UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| WILD FLAVORS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2: 24-006-DCR |
| ) | |
| V. ) | |
| ) | |
| WAUSAU UNDERWRITERS ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Wausau Underwriters Insurance Company's ("Wausau") motions [Record Nos. 73 and 74] seeking (1) an expedited hearing on (2) their request for a stay of the briefing schedule for the plaintiffs' motion for partial summary judgment [Record No. 67] pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

Wausau argues it is entitled to wait until discovery is complete before responding to the plaintiffs' motion for partial summary judgment [Record No. 67]. Plaintiff WILD Flavors, Inc., ("WILD Flavors") filed an expedited response on May 5, 2025, [Record No. 77] and Wausau filed a reply on May 6, 2025. Because Wausau has had adequate time to conduct discovery, and its reasons for requesting a stay under Rule 56(a) will not bear on the resolution of the plaintiffs' motion for partial summary judgment, its motions for an expedited hearing and to stay briefing [Record Nos. 73 and 74] will be denied. However, Wausau's deadline to respond to the plaintiffs' motion will be extended slightly.

-1-

**I. Background**

Plaintiffs Agrinational Insurance Company ("Agrinational") and WILD Flavors initiated this action on January 12, 2024. [Record No. 1] They asserted several claims against Defendants Wausau and Allied World National Assurance Company arising out of a complex insurance coverage dispute originating from underlying allegations of bodily injury from flavoring products sold by WILD Flavors. [*Id.*]

The Court issued its original Scheduling Order on April 19, 2024, wherein discovery was scheduled to close on January 24, 2025. [Record No. 33, ¶4] However, on October 18, 2024, the parties filed a joint motion to extend the deadlines of the Scheduling Order in light of the Court's decision to bifurcate the case. [Record No. 52] United States Magistrate Judge Candace Smith granted the motion and extended the last day of discovery to April 24, 2025, in an Amended Scheduling Order. [Record No. 56]

The parties submitted another joint motion to extend the deadlines in the case on January 22, 2025. [Record No. 61] In the second joint motion, the parties proposed delaying discovery deadlines by an additional 90 days. They also proposed a dispositive motion deadline of August 20, 2025. [Record No. 62, p. 5] The next day, the Court issued a Second Amended Scheduling Order adopting the parties' proposed deadlines. [Record No. 63] The plaintiffs moved for partial summary judgment on April 18, 2025. [Record No. 67] According to the defendants, the plaintiffs have "rejected Wausau's requests to pause briefing on their motion." [Record No. 73, p. 2]

**II. The Legal Standard**

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the [C]ourt *may*: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits … or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d) (emphasis added). "The general rule [within the Sixth Circuit] is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). Consistent with that principle, Rule 56(d) permits a district court to deny or defer consideration of a defendant's motion for summary judgment until after the parties have conducted discovery. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014). However, Rule 56 also contemplates that a party may move for summary judgment before any discovery is taken. *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280 (6th Cir. 2005).

In addition to the procedural requirement of filing an affidavit, Rule 56(d) requires a party to indicate "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *see also First Floor Living*, 83 F.4th at 453 ("[A] district court does not abuse its discretion by denying a Rule 56(d) motion that is supported by mere 'general and conclusory statements' or that fails to include 'any details or specificity.'"). But this requirement is subject to the Court's discretion and consideration of any "justification for [the affidavit's] lack of details and specificity." *Doe v. City of Memphis*, 928 F.3d 481, 494 (6th Cir. 2019).

### III.  Analysis

**Rule 56(d) in "Duty to Defend" Insurance Cases**

In Kentucky, an insurer's duty to defend is broader than, and distinct from, its duty to indemnify. *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984). An insurer normally "has

a duty to defend if there is any allegation which potentially, possibly or might come within the coverage of the policy." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991) (citing *O'Bannon v. Aetna Casualty and Surety Company,* 678 S.W.2d 390 (Ky. 1984)). The general rule is that "a court should determine at the outset of litigation whether an insurance company has a duty to defend its insured by comparing the allegations in the underlying complaint with the terms of the insurance policy." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003) (citing *DiBeneditto v. Med. Protective Co.,* 3 F. App'x 483, 485 (6th Cir. 2001)).

### Hello, SIR

This case introduces a politely named wrinkle into the standard "duty to defend" analysis—the self-insured retention ("SIR"). Besides being a respectful way to address a gentleman, the Complaint defines a SIR as "[a]ll sums which the insured is legally obligated to pay as damages because of 'bodily injury' … to which this insurance would otherwise apply and all 'allocated claim expenses' incurred by the insured in the investigation, negotiation, settlement or defense of claims or 'suits' seeking such damages." [Record No. 1, p. 12] In other words, the SIR is a species of deductible, or a minimum payment required from an insured *before* it is entitled to defense by its insurer. So the *underlying* questions at dispute are (1) how many occurrences were there, and accordingly, (2) how many of the $100,000 SIRs apply?

Wausau claims that it needs to answer those questions before it can adequately respond to WILD Flavors' motion for partial summary judgment, because it contends the "duty to defend" at issue does not begin until after applicable SIRs are exhausted. [Record No. 78, p. 1] WILD Flavors disagrees and argues that the same standard that governs the duty to defend

also applies to the determination of the number of SIRS, meaning that if there is even a chance only one SIR applies, the Court can conclude a duty to defend exists, so further discovery to resolve that question is unnecessary. As an initial matter, the Court acknowledges that there is scant precedent on this issue, and the undersigned further commends the parties for their diligence and high-quality briefing on an expedited schedule.

Wausau cites *McKinley by & Through Bault v. Lexington Ins. Co.*, No. 1: 17-CV-00051-GNS, 2018 WL 4868989, at *6 (W.D. Ky. Jan. 3, 2018) for the proposition that the Court must first consider the number of applicable SIRs before addressing Wausau's duty to defend. But *McKinley* is inapposite, because it applied Kentucky's test for an insurance bad faith claim outlined in *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993), not a "duty to defend" analysis. Further, the *Mckinley* court acknowledged that "the relevant test under *Wittmer* is whether the insurer has a duty to *pay* the claim, not a duty to defend. 'A duty to defend is separate and distinct from a duty to indemnify.'" *Id.* at *7 (quoting *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 918, 936 (W.D. Ky. 2007)) (emphasis added).

WILD Flavors argues that this case is closer to *Giant Eagle, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 499 F. Supp. 3d 147, 169 (W.D. Pa. 2020), *vacated on other grounds*, No. 2: 19-CV-00904-RJC, 2021 WL 6276267 (W.D. Pa. May 25, 2021) (quoting Memorandum Order, Record No. 85 ("Defendants claim they need this discovery to defend themselves as to whether they owe a duty defend [sic] and request additional time to flush out discovery on the sub-issues of loss and occurrence. Discovery of this nature clearly goes beyond whether Defendants owe a duty to defend."). The undersigned agrees. In *Giant Eagle*, the parties contested the number of underlying occurrences and applicable SIRs at issue at the "duty to defend" stage, and the court concluded that discovery implicated in a similar Rule 56(b) motion

was irrelevant. Because the plaintiffs had adequately alleged one occurrence, which met their burden at the "duty to defend" stage (but not necessarily the indemnification stage), the defendants were required to respond to a motion for partial summary judgment.

While the undersigned agrees that Wausau has no duty to defend the suit if the SIRs were not exhausted, at this stage, the question must be viewed through Kentucky's broad "duty to defend" standard. It also appears that at least one other court has addressed the "number of occurrences" question with more scrutiny at the *later* "duty to indemnify" stage. *See First Specialty Ins. Corp. v. Supreme Corp.*, No. 3:12-CV-186-JTM-MGG, 2017 WL 2591384, at *1 (N.D. Ind. June 14, 2017) (confronting exhaustion of SIRs *after* finding a duty to defend). Wausau's duty to defend is thus contingent upon whether the underlying actions *plausibly* allege a single occurrence.[1]  A contrary holding would undermine the principles underpinning "duty to defend" jurisprudence in Kentucky because it would scramble the customary burden of proof. Taking Wausau's contentions to their logical conclusion, a defendant could completely avoid its duty to defend by procuring information that merely *suggests* the plaintiffs had not met a quantified number of SIR payments.

This would effectively shift Kentucky's long-held "potentially, possibly or might" duty-to defend standard to a preponderance standard any time the applicable number of SIRs

---

[1] At this stage, the plaintiffs have met their burden.

[*See* Record No. 1, ¶65 (The CGL Policies contain a $100,000 per occurrence SIR. After exhaustion of a single $100,000 SIR, WILD Flavors is entitled to coverage under the CGL Policies. As of the date of this filing, Plaintiffs have paid at least $3,638,372 in defense costs and approximately $1,320,000 in settlements relating to the Underlying Lawsuits. Given that the Underlying Lawsuits all stem from one occurrence, these payments have exhausted the single $100,000 SIR that Plaintiffs must pay before triggering coverage under the CGL Policies.)]

are challenged in situations in which plaintiffs did not tender the higher SIR-charge. *See James Graham Brown Found*, 814 S.W.2d at 279 ("[A] duty to defend [exists] if there is any allegation which potentially, possibly or might come within the coverage of the policy."). Unless a plaintiff provides no possible showing that the lower number of SIRs apply, defendants are not entitled to conduct discovery related to that question when, as here, the answer is superfluous to their duty to defend.

### The Affidavit

Counsel for Wausau provided an affidavit in support of the Rule 56(d) motion. [Record No. 73-5] In the affidavit, counsel avers that the case turns on the number of occurrences and/or self-insured retentions ("SIR") applicable to the claims arising from the insurance underlying the suit. [*Id.*, pp. 1-2] Counsel also states that on April 2, 2025, Wausau propounded on WILD Flavors (1) additional discovery directly relevant to determining the number of occurrences and (2) a notice of deposition regarding a corporate representative set for May 21, 2025. Finally, counsel for Wausau states that "[t]he basis for Wild Flavors' motion for partial summary judgment implicates Wausau's second set of discovery requests and its corporate representative deposition." [*Id.*, p. 2] But having concluded that determining the number of occurrences and/or SIRs is unnecessary to resolve the plaintiffs' motion for partial summary judgment, the Court need not address the sufficiency of Wausau's affidavit under Rule 56(d).

Finally, the undersigned notes that the deadlines in this case have been extended multiple times, and discovery has been ongoing since April 19, 2024. [*See* Record No. 33] The Court's determination that the number of applicable SIRs is irrelevant to Wausau's duty to defend considering sufficient allegations from the plaintiffs is enough on its own. But in

any event, Wausau has also failed to demonstrate why it could not have gathered the information it seeks during the past year. The plaintiffs' motion for partial summary judgment was filed approximately one year after the case began, not at its outset. This extended timeline makes the Court's determination to avoid further dilly-dally much easier.

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Wausau Underwriters Insurance Company's motions [Record Nos. 73 and 74] are **DENIED**.

2. In light of this intervening dispute, the defendants' deadline to respond to the plaintiffs' motion for partial summary judgment [Record No. 67] is **EXTENDED** through **Monday, May 19, 2025**. Thereafter, the plaintiffs may file a reply in accordance with the standard briefing deadlines set forth in Local Rule 7.1(c).

Dated: May 7, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky